7958

## T. P. SIMS & SONS v. WESTERN UNION TEL. CO.

TELEGRAPH COMPANIES—DAMAGES.—Where a telegram is delivered to a carrier offering a lot of flour at a certain price and the message as delivered offers the flour at a lower price and the flour is sold by the addressee on the basis of the lower price, although the mistake was discovered and the flour was not shipped, the market price being the same as expressed in the original telegram, the carrier is liable for the difference between the price of the lot of flour as offered and as in the telegram when delivered, and such damages are not speculative.

Before ALDRICH, J., Spartanburg, October, 1910. Affirmed.

Action by T. P. Sims & Sons against the Western Union Telegraph Company. From Circuit order affirming judgment of Magistrate A. H. Kirby defendant appeals on the following exceptions:

I. "Error in not sustaining defendant's first ground on motion for nonsuit, which was as follows: That the facts as sworn to do not constitute a cause of action against the defendant Western Union Telegraph Company.

II. "Error in not sustaining defendant's second ground on motion for nonsuit, which was as follows: That the proximate cause of plaintiff's injury, if there was any, was not the fault of the telegraph company in making a mistake in the telegram.

III. "Error in not sustaining defendant's third ground on motion for nonsuit, which was as follows: That plaintiff's damages, if any, were speculative and too remote to constitute a cause of action against the telegraph company.

IV. "Error in not sustaining defendant's fourth ground on motion for nonsuit, which was as follows: That the alleged damages, if there were any, were special damages, and the telegraph company had no notice of the same.

V. "Error in not sustaining defendant's fifth ground on motion for nonsuit, which was as follows: That if plaintiff has been damaged he has a cause of action against the flour mill for nonperformance of contract, and not against the telegraph company.

VI. "Error in not sustaining defendant's sixth ground on motion for nonsuit, which was as follows: That the plaintiff has not made out a case of damages against the telegraph company.

VII. "Error in not sustaining defendant's seventh ground on motion for nonsuit, which was as follows: That as no flour was ever shipped, defendant is not responsible for any loss that might have occurred to plaintiff.

VIII. "That the magistrate erred in allowing plaintiff to testify that he telegraphed for flour, when the best evidence was the telegram itself.

IX. "Error in allowing plaintiff to testify that he sold flour to his son before he had received any flour.

X. "Because there was no evidence to show that the reason the mill company refused to ship the flour was on account of any negligence of the telegraph company.

XI. "Because there is no evidence to show that plaintiff had to pay more for the flour than the market price, and no damage resulted to him thereby.

"Because the verdict is against the law and the evidence."

*Messrs. John Gary Evans* and *C. C. Wyche,* for appellant. *Mr. Wyche* cites: *Plaintiffs have not been damaged:* 56 S. E. 466; 51 S. E. 294. *Special damages:* 25 S. C. 68; 40 S. C. 524. *Measure of damages:* 53 S. C. 410.

*Mr. J. B. Atkinson,* contra.

July 7, 1911.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This action was commenced before a magistrate, and is for damages alleged to have been sus-

tained by the plaintiffs, through the negligence of the defendant, in erroneously transmitting a telegram.

The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That on August 3, 1909, there was delivered to the said defendant, by the El Reno Mill and Elevator Company, for speedy transmission and delivery at Spartanburg to the said plaintiffs, the following paid message: 'T. P. Sims & Sons, Spartanburg, S. C. Offer car best five-fifty basis cotton delivered Spartanburg prompt shipment. El Reno M. & E. Co.'

"That the defendant had notice of the meaning of said message, and its importance, and that a mistake in transmission and delivery, would probably result in loss to plaintiffs, if said offer contained therein was accepted.

"That the said message, as delivered by defendant to plaintiffs, did not contain the word fifty, which meant fifty cents on each barrel of flour, and plaintiffs were led to believe, that they were getting an offer of flour, at five dollars a barrel.

"That the plaintiffs accepted the said offer contained in said message as delivered, ordering 150 barrels, and immediately resold the said flour, upon a five dollar basis.

"That by reason of the negligence, carelessness and gross inattention of duty of defendant, the said plaintiff was compelled to pay seventy-five dollars, more than he was led to believe he would, by reason of his acceptance of the offer as delivered as aforesaid."

The defendant denied each and every allegation of the complaint.

At the close of the plaintiffs' testimony, the defendant's attorneys made a motion for a nonsuit, which was refused.

The defendant did not introduce any testimony.

The jury, in the magistrate's court, rendered a verdict in favor of the plaintiffs, for $75, and the defendant appealed to the Circuit Court, but the appeal was dismissed.

The defendant then appealed to the Supreme Court on exceptions, which will be reported.

We will consider exceptions 1, 2, 5, 6 and 7 together, as the appellant's attorneys in their printed argument state that they raise practically the same question, to wit, whether there was any testimony tending to show that the plaintiffs have been damaged by the error, in transmitting the message. The testimony tends to show the following facts:

On the 3d of August, 1909, the El Reno Mill and Electrical Company delivered to the defendant for transmission, the following telegram addressed to the plaintiffs: "Offer car best five-fifty basis cotton delivered Spartanburg prompt shipment."

When this telegram was delivered to the plaintiffs, it did not contain the word "fifty," and when the plaintiffs replied by telegram, they supposed they were accepting an offer of a carload of flour, at five dollars per barrel; and, immediately resold it at the price of five dollars and fifty cents per barrel. On the 5th of August, 1909, the plaintiffs received another telegram from the El Reno Mill and Electrical Company, notifying them that the offer was to sell the flour at five dollars and fifty cents, and not five dollars per barrel.

In his testimony T. P. Sims, one of the plaintiffs said. "I sold 150 barrels of the flour. I got $5.50 per barrel. The flour was not shipped at $5.00 a barrel. I sold the flour on the basis of the first telegram. It is my custom to sell flour for future delivery, both before and after ordering it. In consequence of the telegram omission, I had to pay $5.90 per barrel for the 150 barrels sold. I sold the flour the same day I ordered it. I sold the flour to my son B. A. Sims, on the 3d or 4th of August. He lives with me. The flour was not shipped, they stating that the telegraph company made a mistake. I get all my prices by wire and sell by wire."

The record contains this statement: "The plaintiff remits all amounts he lost over seventy-five dollars—the amount sued for."

As there was testimony tending to show, that the plaintiffs entered into a contract with B. A. Sims, for the sale of the flour, at the price of $5.50 per barrel, before they had notice that there was a mistake in the transmission of the message, also that the market value of the flour which they were compelled to buy, in order to fulfill their contract with B. A. Sims, was at least $5.50 per barrel, it is only necessary to cite the cases of *Bowie* v. *Tel. Co.,* 78 S. C. 424, 59 S. E. 65, and *Eureka Cotton Mills* v. *Tel. Co.,* 88 S. C. 498, to show that the defendant was liable for the difference between $5.00, the price per barrel stated in the telegram delivered to the plaintiffs, and five dollars and fifty cents, the price per barrel stated in the telegram delivered by the El Reno Mill and Electrical Company, to the defendant for transmission.

These exceptions are therefore overruled.

The only other proposition argued by the appellant's attorneys is, that, if there were damages, they were merely speculative, and not recoverable, as the defendant did not have notice of them, when the message was delivered for transmission. The cases just cited show that the exceptions assigning error in this respect cannot be sustained.

Appeal dismissed.